﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 190904-29417
DATE: September 30, 2020

REMANDED

Service connection for anxiety with insomnia secondary to chronic pain in hips and knees is remanded.

Service connection for depression secondary to chronic pain in hips and knees is remanded.

Service connection for lower back disability, to include as secondary to service-connected knees and hips is remanded.

Service connection for left lower extremity disability, to include restless leg syndrome and sciatica as secondary to lower back disability and service-connected knees and hips is remanded.

Service connection for right lower extremity disability, to include restless leg syndrome and sciatica as secondary to lower back disability and service-connected knees and hips is remanded.

Service connection for erectile dysfunction secondary to service-connected knees and hips is remanded.

REASONS FOR REMAND

The rating decision on appeal was issued in March 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the September 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The Veteran served active duty service from January 1976 to March 1976.

Service connection for a psychiatric disability and a back disability was denied in an unappealed April 2017 rating decision. The March 2019 rating decision essentially found that new and relevant evidence had been received to readjudicate thee claims. This is a favorable finding by the AOJ, and the Board will not disturb it. See generally, 38 C.F.R. §§ 3.2501(a)(1), 19.2.

1. Service connection for anxiety with insomnia secondary to chronic pain in hips and knees is remanded.

2. Service connection for depression secondary to chronic pain in hips and knees is remanded.

The Veteran asserts his psychiatric disorder (to include symptoms of depression, anxiety, and insomnia) is secondary to chronic pain from his service-connected bilateral hips and knees disabilities, and his low back disability which is not yet service-connected. See November 2018 VA 21-526EZ. 

In a March 2019 VA report of general information, the Veteran reported that he was not notified of the VA psychiatric examination previously scheduled for January 2019. The Veteran further requested a rescheduling of the examination and indicate that he would appear for that examination. 

Review of the record shows that the psychiatric examination scheduled for January 2019 was canceled due to Veteran’s failure to report. The claims file does not show when and how the VA-contract facility (QTC) notified the Veteran with specific time and dates for him to report to the examination. The Veteran does not assert that his address changed, and no mail was returned. However, the Board notes that the Veteran appeared for all other examinations scheduled and held in January 2019, as well as subsequent March 2019 VA examinations, indicating a willingness to cooperate with VA. To ensure compliance with the duty to assist, and to avoid prejudice, the Veteran should be afforded another opportunity to appear for his psychiatric examination. The Veteran is hereby advised that failure to report for any scheduled VA examination without good cause shown may have adverse effects on his claim. 38 C.F.R. § 3.655.

3. Service connection for a lower back disability is remanded.

4. Service connection for a left lower extremity disability is remanded.

5. Service connection for a right lower extremity disability is remanded.

6. Service connection for erectile dysfunction is remanded.

The issues of entitlement to service connection for disabilities of the lower back, right lower extremity, left lower extremity, and erectile dysfunction are remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. 

The Veteran seeks service connection for these disabilities as secondary to the pain and instability from his service-connected hip and knee disabilities. See October 2018 VA21-418; November 2018 VA 21-526EZ. Prior to the March 2019 rating decision on appeal, the Agency of Original Jurisdiction (AOJ) obtained January 2019 opinion as to erectile dysfunction and a March 2019 medical opinion as to the Veteran’s back and lower extremities. However, none of the current VA examination reports contain opinions that could be construed as addressing secondary aggravation. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013). Accordingly, a remand is warranted to address the aggravation prong of secondary service connection.

Further, the March 2019 opinion as to the bilateral lower extremities noted no diagnosis. In doing so, the examiner indicated that the prior September 2018 VA hip examination which noted sciatica was not directly pertain to the conditions on appeal and did not included examination of the back. However, the Veteran has other diagnoses relating to the lower extremity, to include restless leg syndrome, which should be considered. See August 2018 VA treatment records. Upon remand, VA should obtain an opinion clarifying the diagnosis in this case and addressing all diagnoses of record. 

The matters are REMANDED for the following action:

1. Obtain an opinion regarding the nature and etiology of any acquired psychiatric disorder. If feasible, schedule the Veteran for an in-person psychiatric examination. 

The examiner must opine whether any diagnosed psychiatric disorder is at least as likely as not related to an in-service injury, event, or disease. 

The examiner should also opine whether it is at least as likely as not that any psychiatric disability is proximately due to service-connected bilateral hip and knee disabilities OR aggravated beyond its natural progression by such service-connected disabilities. Note: In answering this question, two opinions are required: one for proximate causation and a second for aggravation. 

If the Veteran is diagnosed with PTSD, the examiner must explain how the diagnostic criteria are met and opine whether it is at least as likely as not related to a verified in-service stressor. A complete rationale for the requested opinions must be provided. 

2. Obtain an addendum opinion from an appropriate clinician(s) regarding the Veteran’s claimed bilateral lower extremity disabilities including restless leg syndrome and sciatica; erectile dysfunction, and degenerative disc disease of the lumbar spine. The examiner must review the claims file and this Remand. An in-examination should be performed if determined to be necessary by the examiner, and feasible. 

The examiner must note all diagnosis during the appeal period (approximate to October 2018). The examiner should distinguish any diagnosis of record which is not currently found. 

The examiner should opine whether it is at least as likely as not that each of these claimed disabilities (i.e. bilateral lower extremity disabilities including restless leg syndrome and sciatica; erectile dysfunction, and degenerative disc disease of the lumbar spine) is proximately due to service-connected bilateral hip and knee disabilities OR aggravated beyond its natural progression by these service-connected disabilities. 

Note: In answering this question, two opinions are required: one for proximate causation and a second for aggravation. A complete rationale for the requested opinions must be provided. 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Vuong, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.